## NATURE OF ACTION TO FORECLOSE A MECHANIC'S LIEN.

Circuit Court of Cuyahoga County.

ANTON JESIONOWSKI V. JOHN WISMIEWSKI ET AL.

Decided, November 26, 1906.

*Appeals—Action to Foreclose Mechanic's Lien and for Money Judgment Appealable.*

An action to foreclose a mechanic's lien in which a personal judgment is asked in connection therewith, is not an action for money only and is appealable.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

In the appeal case of *Anton Jesionowski* v. *John Wismiewski*, and the error case in which the parties are reversed (the plaintiff in the appeal case being the defendant in the error case, and the defendant in the appeal case being the plaintiff in error in the error case), the action as originally begun was an action to foreclose a mechanic's lien and to obtain a personal judgment for the amount secured by the lien. After the trial in the court below and bond given for appeal, a motion was made to strike the appeal bond from the files upon the theory that the case was not appealable. And the court below granted that motion, and for its action in that behalf the error case here is prosecuted.

We think the judgment and order in that matter should be reversed. We hold that this is a case that is properly appealable, and that therefore when the bond was filed in the court below it was appealed and the court below lost all jurisdiction of the matter. Our grounds for thinking that the case is appealable—notwithstanding the decision in the case of *Grapes* v. *Barbour*, 58 O. S., 669, which is not a mechanic's lien case, but an action for foreclosure of a mortgage—our grounds, I say, will presently be shown. The syllabus in that case is as follows:

"If in an action for the foreclosure of a mortgage and for a personal judgment for the money claimed to be due upon the demand which it secures, the journal entry in the court of common pleas shows that before the action is tried, the plaintiff, by leave of court, withdraws the prayer for the personal judg-

ment, and the court proceeds to find the amount due and to decree a foreclosure, the mortgagor may appeal to the circuit court.''

And then in the opinion of Judge Shauck, page 674, it is said:

''It is indispensable, under the provisions of Section 5226, Revised Statutes, that an action, to be subject of an appeal to the circuit court, must be one in which the right to demand a jury does not exist. It is provided in Section 5130, that 'issues of fact arising in actions for the recovery of money only, or specific real or personal property shall be tried by a jury,' unless such trial be waived or a reference ordered. It is provided in Section 5021, that 'in an action to foreclose a mortgage given to secure the payment of money, or to enforce a specific lien for money, the plaintiff may also ask in his petition, a judgment for the money claimed to be due; and such proceedings shall be had, and judgment rendered thereon, as in a civil action for the recovery of money only.''

Without reading the remainder of the opinion in that case, I call attention to the fact that Section 5021, the quotation of which in Judge Shauck's opinion I have just read, is now, so far as it appears in our statutes at all, found in paragraph 8 of Section 5058, which reads as follows,

''Claims to foreclose a mortgage given to secure the payment of money or to enforce a specific lien for money, and to recover a personal judgment for the debt secured by such mortgage or lien''·

may be joined as provided earlier in the section. Now the words that are left out of Section 5058 in covering the ground which was formerly covered by Section 5021, are concluding words of Section 5021 as follows:

''And such proceeding shall be had and judgment rendered therein as in civil action for the recovery of money only.''

These words are now omitted.

It follows, therefore, in that class of actions, as the statutes now stand, where a personal judgment is asked in connection with the foreclosure of a mortgage or mechanic's lien, that the action is not one for money only, and therefore not triable to a jury, and it is appealable.

So that, the appeal having once been perfected, the court below lost jurisdiction, and the order which was made upon the motion to strike the appeal bond from the files was an order made without any jurisdiction to make it, and it should, therefore, be reversed and we will here render the judgment on that motion which should have been rendered in the court below in this proceeding in error, and that is, that the motion be dismissed for want of jurisdiction.

On the merits of the appeal as tried in this court, the sole issue made is upon the claim that there was no mechanic's lien taken, because the statutes that applied to that subject at the time the attempt to take it was made were not complied with. The statute as it then existed has since been amended, and we do not think it profitable to spend time in undertaking to construe it at great length now, because it is unlikely that any future case— any cases hereafter to be decided—will turn upon a construction of the statute as it then was. If I should say that we find that no notice to the owner was required at the time this lien was sought to be taken—none was necessary and none was in fact given— it follows that so far as the claim that no notice was given is concerned the mechanic's lien is good.

It is also claimed that in order to perfect a lien the person against whom the lien is asserted should have been in the then state of statutes, the owner of the fee, and that an attempt such as was made here must be futile where it is sought to take on a lien on any equitable interest in land, the defendant being merely the owner under a contract and not under a deed of conveyance.

But we hold, as the statutes then were, it was permissible and possible to obtain a lien against the estate of a person having only an equity of that character in the lands sought to be subjected to the lien.

Judgment for the plaintiff.